UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KENTUAN LANIER XAVIER SHAKKUR ROUSE,
*individually and on behalf of all other persons similarly situated*,

                              Plaintiff,

-against-

1 LIFE FIRE SAFETY, CORP., *et al.*,

                              Defendants.

----------------------------------------------------------------X

**ORDER**
24 CV 4850 (AMD) (CLP)

POLLAK, United States Magistrate Judge:

On July 12, 2024, plaintiff Kentuan Lanier Xavier Shakkur Rouse filed a Complaint against defendants 1 Life Fire Safety, Corp. ("1 Life"), ABC Fire Life Safety Inc. ("ABC"), and Agyei Duggan,[1] alleging wage and hour violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 *et seq.*, and the New York Labor Law §§ 190 *et seq.* ("NYLL"). Plaintiff also brought FLSA collective action claims and class action claims under the NYLL, pursuant to Federal Rule of Civil Procedure 23, though a class has not yet been certified.

Currently pending before this Court is plaintiff's motion to compel responses to document requests and interrogatories. (*See* Mot.[2]).

---

[1] The Complaint was also brought against Clifton Duggan, who was voluntarily dismissed from the case on November 7, 2024. (*See* ECF No. 25).

[2] References to "Mot." refer to plaintiff's memorandum in support of his motion to compel discovery responses filed on March 31, 2025 (ECF No. 32).

BACKGROUND

Plaintiff began working for defendants on November 11, 2021 and he was promoted to collections agent beginning in or around March 2022. (Compl. ¶¶ 15, 54-55, 76, 84). Plaintiff claims that, because 1 Life and ABC share corporate owners, Clifton and Agyei Duggan, and employees, he was simultaneously an employee of both entities. (Id. ¶¶ 29-36). He also alleges that the Duggans decided plaintiff's pay rate and how often plaintiff should be paid. (Id. at ¶ 38).

On July 12, 2024, plaintiff brought this action alleging wage violations under the FLSA and NYLL. (See generally Compl.). Specifically, plaintiff alleges that defendants (1) failed to pay overtime for weeks in which he worked over 40 hours; (2) failed to provide wage notices; (3) failed to pay commissions; and (4) wrongfully terminated him in retaliation for his complaint of unpaid wages and overtime. (Compl. ¶¶ 106-137).

On December 26, 2024, the parties exchanged document requests and interrogatories. (Mot. at 3). On January 15, 2025, the date the discovery responses were due, the parties agreed to extend the response deadline to February 10, 2025. (Id.) On February 18, 2025, plaintiff served his response to the discovery demands and defendants stated they "hope[d]" to serve their responses by February 21, 2025. (Id.) On February 25, 2025, defendants served their response. (Id.) The parties then filed a status report on March 7, 2025, alerting the Court to the present discovery dispute (ECF No. 29), and the Court Ordered the parties to brief the issue. (Electronic Order 3/10/2025). Before any motion was filed, defendants supplemented their production on March 30, 2025 (see Opp.[3] at 5), but plaintiff maintains that the supplemental production did not resolve the dispute. (See Reply[4] at 1).

---

[3] References to "Opp." refer to defendants' opposition filed on April 9, 2025 (ECF No. 34).
[4] References to "Reply" refer to plaintiff's reply filed on April 18, 2025 in support of his motion to compel (ECF No. 35).

On March 31, 2025, plaintiff filed the present motion to compel, asking the Court to order production of documents, compel answers to interrogatories, and grant attorney's fees. (Mot. at 1). Plaintiff states that defendants improperly responded with general objections to several document requests, refused to produce documents concerning class discovery, and failed to respond altogether to two document requests. (Id. at 6–7). Plaintiff also argues that defendants answered only four out of 23 interrogatories, thereby waiving all objections to the remaining interrogatories. (Id. at 8–9). Such discovery conduct, according to plaintiff, is "intentional without legitimate reason" and he should be granted attorney's fees. (Reply at 3; Mot. at 9–10).

On May 9, 2025, defendants responded to plaintiff's motion to compel, arguing that many of plaintiff's demands request company financials that would be relevant only if plaintiff were successful as to liability. (Opp. at 2). They also argue that their supplemental discovery response provided proof that plaintiff was a salaried employee and ineligible for commission and that discovery requests about class action status are privileged and not relevant. (Id. at 2, 5).[5] Regarding interrogatories, defendants state that they timely answered the questions to the best of their ability and properly objected to non-relevant questions. (Id. at 6). Attorney's fees, according to defendants, are therefore not appropriate. (Id.).

Plaintiff filed his reply in support of his motion to compel on April 18, 2025. (See Reply). In the reply, plaintiff points out that defendant's initial response on February 25, 2025 consisted of only 16 pages and their supplemental response on March 31, 2025 consisted of 60 pages of documents that were mostly duplicative of plaintiff's own production. (Reply at 1–2). Plaintiff also argues that defendants failed to assert any claimed privileges over employee

---

[5] It should be noted that defendants did not articulate these objections in their responses to plaintiff's discovery requests. Instead, they raise these objections for the first time in their opposition to the motion to compel.

3

records.[6]  Moreover, plaintiff argues that document requests regarding company financials and other employees are required to show that he is entitled to commissions.  (Id. at 2).

## DISCUSSION

### A.  Motion to Compel

"Motions to compel and motions to quash are entrusted to the sound discretion of the district court."  In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (quoting United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)); Ehrlich v. Incorporated Vill. of Sea Cliff, No. 04 CV 4025, 2007 WL 1593211, at *2 (E.D.N.Y. May 31, 2007).  A trial court's rulings with regard to discovery "are reversed only upon a clear showing of an abuse of discretion." Id., at *2 (quoting In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998)).

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal court cases.  Rule 26(b)(1) "authorizes discovery of any 'nonprivileged matter that is relevant to any party's claim or defense…Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  Garcia v. Benjamin Grp. Ent. Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(1)).  "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'"  Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).  While the scope of discovery is "broad," it is not "limitless."  Fears v. Wilhelmina Model Agency, Inc., No. 02 CV 4911, 2004 WL 719185, at *1

---

[6] The Court notes that to the extent that defendants are claiming privilege, they failed to provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) or Local Civil Rule 26.2.

4

(S.D.N.Y. Apr. 1, 2004). "'Evidence that is irrelevant or may result in undue prejudice is outside the scope of discovery.'" Lopez v. Guzman, No. 17 CV 1668, 2018 WL 1141132, at *1 (E.D.N.Y. Nov. 27, 2018) (quoting Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015)). Discovery may not be used "'to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" Crosby v. City of New York, 269 F.R.D. at 282 (quoting In re Fontaine, 402 F. Supp. 1219, 1221 (S.D.N.Y. 1975)). Further, as specified in the amended Rule 26, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

1. Interrogatories

Plaintiff argues that defendants waived their objections to the interrogatories by not answering them. (Mot. at 8–9).

Federal Rule of Civil Procedure 33 governs the use of interrogatories in civil matters. Rule 33 provides that parties must provide responses, including objections, within 30 days of service of the requests. Fed. R. Civ. P. 33(b)(2). Failure to timely object results in a waiver of objections without a showing of good cause. Fed. R. Civ. P. 33(b)(4). See Gonzalez v. United States, No. 22 CV 3370, 2023 WL 3455059, at *3 (E.D.N.Y. May 15, 2023) (collecting cases), aff'd, 2023 WL 7102162 (E.D.N.Y. Oct. 27, 2023). Such waiver is up to the district court's discretion. Id. (citing Shahzad v. County of Nassau, No. 13 CV 2268, 2014 WL 4805022, at *3 (E.D.N.Y. Sept. 26, 2014)).

Here, in addition to serving interrogatory responses several days after they were due, defendants answered only three of the 23 interrogatories and only partially answered No. 4. [7]

---

[7] Defendants' response to Interrogatory 4, in full, states: "See general objections. Further objection to Interrogatory No. 4 as it requests information already known to plaintiff and which information Plaintiff can readily obtain if not known. Without waiving said objections[.]" The sentence ends abruptly after the word objections.

5

(See Ex. 4[8] at 4–5). Defendants offer no justification for the delay or failure to answer the remaining interrogatories. Accordingly, the Court Orders defendants to respond to Interrogatory Nos. 5-23. Since defendants failed to answer these interrogatories in a timely fashion, the Court deems all objections waived, except those on privilege grounds.[9] If defendants intend to raise an objection based on privilege, they are Ordered to provide a privilege log compliant with Rule 26(b)(5). Given that defendants have been given a second opportunity to raise any privilege objection, their failure to provide a privilege log will result in an Order deeming the privilege waived and requiring the production of the subject documents.

The Court further Orders defendants to complete their answer to Interrogatory No. 4 and deems all objections waived.

    2. Document Requests

Plaintiff requests that the Court compel defendants to produce documents responsive to his document requests. Plaintiff states that defendants responded to various requests with general objections and statements that defendants were still investigating and gathering documents. Defendants also refused to produce documents concerning class allegations and failed to answer two requests entirely.

---

[8] References to "Ex. 4" refer to defendants' responses to plaintiff's interrogatories, attached as Exhibit 4 to the Declaration of Yuting Li in support of plaintiff's motion to compel (ECF 31-4).

[9] Although courts are not unanimous on whether waiver of objections extends to privilege, courts in the Eastern District generally do not extend the waiver to claims of privilege. See Senat v. City of New York, 255 F.R.D. 338, 340 (E.D.N.Y. 2009) (waiving all objections except privilege but finding courts are not unanimous on the application of waiver to privilege); DeNicola v. Frontline Asset Strategies, 279 F.R.D., 214, 214 (E.D.N.Y. 2012) (waiving all objections except privilege); Hakizimana v. Rym Stations-Bedford, Inc., No. 08 CV 0251, 2008 WL 4642335, at *1 (E.D.N.Y. Oct. 16, 2008) (same); Stabile v. United Recovery Servs., L.P., No. 11 CV 1152, 2011 WL 6448189, at *2 (E.D.N.Y. Dec. 22, 2011) (same); Carl v. Edwards, No. 16 CV 3863, 2017 WL 4271443, at *7 (E.D.N.Y. Sept. 25, 2017) (same).

      a) <u>Timeliness</u>

As with interrogatories, failure to timely respond to requests for documents serves as a waiver of objections. <u>Senat v. City of New York</u>, 255 F.R.D. 338, 339 (E.D.N.Y. Feb. 2, 2009) (finding that "there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections" (citations omitted)); <u>DeNicola v. Frontline Asset Strategies</u>, 279 F.R.D. 214, 215 (E.D.N.Y. 2012) (holding that a party "waive[s] all objections as to...document demands except those based on privilege" by failing to timely respond to document requests). It is up to the Court's discretion to excuse a party's delay in responding to document requests. <u>Carl v. Edwards</u>, No. 16 CV 3863, 2017 WL 4271443, at *6 (E.D.N.Y. Sept. 25, 2017).

Here, defendants completely failed to respond to document request 63 and provided only a partial response to request 62.[10] Accordingly, the Court Orders defendants to respond to request 63, having waived all objections. The Court Orders defendants to complete their answer to request 62 and deems all objections waived.

      b) <u>General Objections</u>

Federal Rule of Civil Procedure 34 provides that an objection to a document request must "state with specificity the grounds for objecting to the request, including the reasons." The Rule also requires parties "to clearly indicate whether responsive material is being withheld on the basis of objection[.]" <u>Sovereign Cape Cod Investors LLC v. Eugene A. Bartow Ins. Agency, Inc.</u>, No. 20 CV 3902, 2022 WL 624553, at *3 (E.D.N.Y. Mar. 3, 2022) (quoting <u>Fischer v. Forrest</u>, Nos. 14 CV 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017)). Thus, generalized

---

[10] Defendants' response to Request 62, in full, states: "See General Objections 1,2,3,4,5,6,7,8, and 9. Without waiving the objections[.]" Like defendants' response to Interrogatory No. 4, the sentence ends abruptly after the word "objections."

7

objections are improper.  Id. See Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009) (holding that "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories ... are a paradigm of discovery abuse").  See also Siser N. Am., Inc. v. Herika G. Inc., 325 F.R.D. 200, 209–10 (E.D. Mich. 2018) (holding that general objections to document requests "are legally meaningless and amount to a waiver of an objection").

Here, defendants responded to Requests 2-4, 6, 7, 9, 10, 12, 13, 21-23, 25-30, 35-38, 67, 71, and 76 with only general objections.  (See Ex. 2).[11]  For example, defendants' response to request 67 was: "See General Objections 1,2,3,4,5,6,7,8,9, and 10." (Id.)  Some of the responses to these requests go slightly further by adding that "[d]efendant is still investigating and gathering documents." (See, e.g., Ex. 2 at Request 2).  Others list the general objections and flatly state that no documents will be produced.  (See, e.g., Ex. 2 at Request 9).  Defendants' objections provide none of the specificity required by Rule 34.  This is clearly a discovery abuse and the Court therefore Orders defendants to produce documents responsive to requests 2-4, 6, 7, 9, 10, 12, 13, 21-23, 25-30, 35-38, 67, 71, and 76, and deems all objections waived.[12]

    c) Class Discovery

Plaintiff contends that defendants improperly object to several document requests on the grounds that they seek class information, and that defendants dispute there is a class action. (See Mot. at 7.  See also, Ex. 2 at Responses 15-19, 41-48, 50-52, 65, and 66).  Plaintiff argues that he

---

[11] References to "Ex. 2" refer to defendants' responses to plaintiff's document requests, attached as Exhibit 4 to the Declaration of Yuting Li in support of plaintiff's motion to compel (ECF 31-2).
[12] Defendants also provided general objections to requests 5, 8, 14, 20, 24, 40, 43-48, 50-55, 59, 65, 66, and 81-84. (See Ex. 2).  Plaintiff did not move to compel documents responsive to those requests on the grounds that defendants only provided general objections.  The Court therefore assumes that plaintiff does not take issue with defendants' response to those requests on these grounds.

8

is entitled to class discovery because he commenced this action as a class action and because his claims for failure to pay commissions and overtime pay would apply to former and current employees.  (Id.)

Defendants contend that class information regarding employees is protected by privilege. (Opp. at 2, 5).  The party asserting privilege protections has the burden of proving the applicability of the privilege.  See United States v. International Longshoremen's Ass'n, AFL-CIO, No. 05 CV 3212, 2006 WL 2014093, at *1 (E.D.N.Y. July 18, 2006).  See also Carver v. Nassau Cnty. Interim Fin. Auth., No. 11 CV 1614, 2012 WL 12266891, at *6 (E.D.N.Y. Aug. 9, 2012) (stating that "[i]f the party invoking [a] privilege fails to satisfy the legal requirements of the application of its privilege, the claim will be rejected." (citation omitted)).  Defendants have not carried this burden.  Instead, defendants seem to conflate privacy and privilege, stating that employee information is privileged because it would "violate the privacy of the individual employee."  (Opp. at 5).  The Court is not aware of any statutory or common law employer-employee privilege.  Indeed, mere privacy interests do not rise to the level of privilege.

Defendants also argue that discovery into possible class members is not relevant.  (Opp. at 5). Although Rule 26's reach is broad, pre-certification class information does not generally fall within the scope of allowable discovery.  See Jenkins v. TJX Cos., Inc., No. 10 CV 3753, 2011 WL 1563677, at *1 (E.D.N.Y. Apr. 25, 2011) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 353–54 (1978)).  Courts curtail the discovery of Rule 23 putative class members "out of a concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." Mitchel v. Fortress FS, LCC, No. 14 CV 2640, 2014 WL 12776121, at *2 (E.D.N.Y. Oct. 22, 2014) (quoting Dzennik v. Sealift, Inc., No. 05 CV 4649, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)).  Courts in the

9

Eastern District apply a similar standard in FLSA collective actions, limiting pre-certification class discovery to issues of certification.  See, e.g., Charles v. Nationwide Mut. Ins. Co., Inc., No. 09 CV 94, 2010 WL 7132173, at *3 (E.D.N.Y. May 27, 2010).  Left to the discretion of the district court, "[t]he threshold question in determining whether to order pre-certification discovery…[depends] upon whether [potential opt-in plaintiffs] are shown to be 'similarly situated' to the named plaintiff."  Id. at *4 (quoting Patton v. Thompson Corp., 364 F. Supp. 2d 263, 266–67 (E.D.N.Y. 2005)).  "In order to satisfy this 'modest' showing, courts consider the nature of the named plaintiff's claims, and evidence that other potential class members have the same job duties and assignments and are paid in the same manner as the named plaintiff."  Id.

Plaintiff has propounded several requests seeking information about potential class members, such as requests for potential class member contact information (Request Nos. 15 and 16), the compensation of potential class members (Request Nos. 17, 18, and 48), potential class member job duties, work schedules, and performance (Request Nos. 42, 44, and 45), and class member complaints or grievances (Request No. 65).  Plaintiff has not yet moved for conditional certification of the class and discovery into potential class members is premature.

However, other of plaintiff's requests do not actually seek class discovery.  Many of the requests seek company-wide policies and practices (Request Nos. 19, 41, 43, 50, and 52); documents regarding the functioning of defendants' timekeeping system (Request No. 47); company job descriptions (Request No. 51); defendants' internal records discussing compliance with wage and hour laws (Request No. 66); and studies conducted regarding employee workloads (Request No. 46).  These requests do not seek information regarding any potential class members and are presently discoverable.

10

Accordingly, the Court grants plaintiff's requests to compel defendants' production of documents responsive to Requests 19, 41, 43, 46, 47, 50-52, and 66, but denies his request to compel defendants' response to Requests 15-18, 42, 44, 45, 48, and 65 without prejudice and with leave to renew once a class is conditionally certified.

B. <u>Attorney's Fees</u>

Plaintiff asks the Court to award him attorney's fees in connection with his motion to compel. (Mot. at 9–10). He argues that he is entitled to fees because defendants "failed to take reasonable actions to comply with their discovery obligations" despite deadline extensions. (<u>Id.</u> at 10). He also argues that defendants withheld documents without justification and failed to respond to several of the interrogatories. (<u>Id.</u>) According to plaintiff, defendants' discovery conduct has caused unnecessary and undue delay. (<u>Id.</u>) Defendants counter that attorney's fees are not appropriate because they complied with the discovery requests and provided supplemental discovery responses. (Opp. at 6).

Federal Rule of Civil Procedure 37(a)(5)(C) states that if a motion to compel is "granted in part and denied in part," as it is here, "the court may…after giving opportunity to be heard, apportion reasonable expenses for the motion." This is especially so for evasive or incomplete disclosures or responses, which are treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).

Here, an award of attorney's fees is warranted. Despite multiple extensions, defendants still filed their responses late. (Mot. at 3–4). The responses that were filed were blatantly incomplete. (<u>See</u> Mot. at 6–8; Ex. 2; Ex. 4). Plaintiff alerted the defendants to the discovery deficiencies on March 3, 2025 (<u>see</u> Mot. at 8), but defendants still provided insufficient

11

responses. Nothing in defendants' opposition suggests that the noncompliance was justified. Accordingly, plaintiff is entitled to reasonable attorney's fees for bringing this motion.

## CONCLUSION

For the reasons stated above, the Court Orders defendants to provide complete responses to Interrogatories 4-23 and produce documents responsive to requests 2-4, 6, 7, 9, 10, 12, 13, 19, 21-23, 25-30, 35-38, 41, 43, 47, 50-52, 62, 63, 66, 67, 71, 76 by **November 7, 2025** Any objections made to the discovery requests on privilege grounds shall be accompanied by a privilege log compliant with Local Civil Rule 26.2. Plaintiff shall submit a declaration detailing the reasonable costs incurred in making this motion by **November 7, 2025**, attaching receipts and contemporaneous billing records to support any calculated fees.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 24, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York